**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| MICHAEL GREGG-WILSON, ) <br> ) <br> Plaintiff, ) Civil Action No. 3:11-81-MBS-JRM <br> ) <br> v. ) <br> ) **REPORT AND RECOMMENDATION** <br> SOUTH CAROLINA ) <br> DEPARTMENT OF ) <br> CORRECTIONS, SCDC, JOHN ) <br> D. HARMON, DARYL W. ) <br> GIDDINGS, GERALDINE P. ) <br> MIRO, JONATHAN E. OZMINT, ) <br> MARSHALL C. SANDFORD, JR., ) <br> in their individual and official ) <br> capacities, ) <br> ) <br> Defendants. ) <br> _____) | |

*Pro se* Plaintiff, Michael Gregg-Wilson ("Gregg-Wilson") filed this case on January 12, 2011. The Defendants are his former employer, the South Carolina Department of Corrections ("SCDC"), three SCDC employees, Geraldine P. Miro ("Miro"), John D. Harmon ("Harmon"), and Daryl W. Giddings ("Giddings"), former Director of SCDC, Jon Ozmint ("Ozmint"), and former Governor of South Carolina Mark Sanford ("Sanford"). Gregg-Wilson has moved for default judgment as to all Defendants (Doc Nos. 10 and 12) and summary judgment (Doc. No. 12). Defendants have moved for dismissal due to insufficiency of service of process and for failure to state a claim. Because Gregg-Wilson is proceeding *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th

Cir. 1975) was issued on May 27, 2011 advising him of his responsibility to respond to Defendants' motion to dismiss. Gregg-Wilson filed a response on July 6, 2011. Pretrial matters in this case were automatically referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) DSC.

1. Service of Process

Gregg-Wilson filed his *pro se* complaint on January 12, 2011. Before service of the Summons and Complaint were authorized, Damon C. Wlodarczyk, an attorney with Riley, Pope & Laney, LLC filed a notice of appearance as to the Defendants on January 25, 2011. The notice of appearance contained a limitation which stated:

> Nothing in this Notice of Appearance of Counsel should be construed as a waiver of any defenses or objections available under the Federal Rules of Civil Procedure and the undersigned specifically assert their right to raise the defenses enumerated in Rule 12, FRCP, either by motion, responsive pleading, or both within the time to respond set forth by said rule if and when service is perfected.

The undersigned issued an order authorizing service of process on February 3, 2011. Because Gregg-Wilson paid the filing fee, this order specifically, and in bold print, advised him that he was "responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure." The order also specifically advised Gregg-Wilson that if service of the Summons and Complaint was not properly made with 120 days after the filing of his Complaint, his action could be dismissed pursuant to Rule 4(m), Fed.R.Civ.P. The order further advised that after service of the Summons and Complaint, Rule 5, Fed.R.Civ.P., subsequently filed documents could be served on an attorney representing the Defendants and noted the appearance of an attorney for the Defendants in this case.

On March 29, 2011, Gregg-Wilson filed a "Certificate of Service by Mail" indicating that he had attempted to serve the Defendants with a summons by mailing it to Defendants' attorney of

record on March 1, 2011. A return receipt attached to Gregg-Wilson's certificate shows that the mailing was addressed to "Riley, Pope & Laney LLC, 2838 Devine St. P.O. Box 11412, Columbia, SC 29211" and was received by "B. Lindsey" on March 2, 2011. Gregg-Wilson filed motions for default judgment on March 29 and April 4, 2011. Defendants filed an opposition to Gregg-Wilson's motion on April 5, 2011, and a motion to dismiss for insufficiency of service of process and lack of personal jurisdiction on May 26, 2011. Gregg-Wilson filed his response on July 6, 2011.

Defendants assert that they have never been properly served with copies of the Summons and Complaint, that Gregg-Wilson's motions for default judgment should be denied, and that they should be dismissed pursuant to Rule 4(m), Fed.R.Civ.P. The undersigned agrees.

An action commences in this Court on the filing of a complaint (Rule 3, Fed.R.Civ.P.). Next a summons is issued (Rule 4(b), Fed.R.Civ.P.). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)...." (Rule 4 (c), Fed.R.Civ.P.). Rule 4(e), Fed.R.Civ.P., provides for service of individuals. Rule 4(j), Fed.R.Civ.P., states the methods for service of a state and its agencies. Rule 4 establishes methods of service of process to provide notice to the defending parties allowing them to appropriately respond. Henderson v. U.S., 517 U.S. 654, 672 (1996). Absent valid service of process, this Court is without jurisdiction of a defendant. Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

The method of service attempted by Gregg-Wilson does not comply with any of the ways to perfect service contained in Rule 4. Therefore, Gregg-Wilson's motions for default judgment should be denied. Further, since over 120 days have passed since the commencement of this action, Defendants' motion that they should be dismissed (without prejudice) should be granted.

2. Failure to State a Claim

Defendants have also moved pursuant to Rule 12(b)(6) that the complaint should be dismissed for failure to state a claim. The federal court is charged with liberally construing the complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. *See* Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the Court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

4

Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, --- U.S. at ----, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 557).

When the hyperbole in Gregg-Wilson's complaint is disregarded, he makes two claims that Defendants conspired to deprive him of rights afforded him under the Constitution of the United States. (*See* 42 U.S.C. § 1985(3)). First, Gregg-Wilson alleges a conspiracy to deprive him of Due Process and Equal Protection of the Law. (Complaint, ¶¶ 15-19). Second, Gregg-Wilson alleges a "(c)onspiracy to deprive [him of his] rights to petition for redress of grievances and provide testimony of ongoing corruption and abuses. (Complaint, ¶¶ 20-22).

In order to state a claim for conspiracy as those alleged by Gregg-Wilson, he must prove "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class based, invidiously discriminatory animus to (3) deprive the plaintiff of equal enjoyment of rights secured by law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). "In addition, where a conspiracy is alleged, the plaintiff must plead facts amounting to more than parallel conduct and a base assertion of conspiracy...Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality...The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." A Society Without Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (internal marks and citations omitted).

Gregg-Wilson's allegations do not meet this test. He does not state with any specificity any communication among the alleged conspirators, the manner in which the communications were made,

the substance of the communications, or any overt act in furtherance of the conspiracy. Instead, he alleges:

> Plaintiff as a 54 year old, well educated, knowledgeable and experienced African American who having grown up, lived and worked in the South is intimately and tragically familiar with both the overtness and subtleties of prejudice, discrimination, and racism of individuals, groups, organizations, judicial systems, government and society at large.

(Complaint, ¶ 22).

In other words, Gregg-Wilson appears to allege in conclusory terms that since he is an outstanding African-American and defendants are part of a racist society, they obviously conspired to deprive him of his constitutional rights. The allegations are patently insufficient.

3. Plaintiff's Motion for Summary Judgment

Gregg-Wilson has moved for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party carries this burden, "the

burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

Gregg-Wilson cites to no admissible evidence to support his claims in his motion for summary judgment. Instead, he continues his arguments about historical injustice and racism in society.

7

## Conclusion

Based on a review of the record, it is recommended that:

1. Plaintiff's motions for default judgment (Doc.Nos. 10 and 12) be **denied**;

2. Plaintiff's motion for summary judgment (Doc. No. 12) be **denied**; and

3. Defendants' motion to dismiss be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

February 13, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).