IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Gregg-Wilson, | ) | |
| | ) | C/A No. 3:11-0081-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| South Carolina Department of Corrections | ) | |
| (SCDC); John D. Harmon; Daryl W. | ) | |
| Giddings; Geraldine P. Miro; | ) | |
| Jonathan E. Ozmint; Marshall C. | ) | |
| Sanford, Jr., in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Michael Gregg-Wilson is a former employee of the South Carolina Department of

Corrections (SCDC). Plaintiff, proceeding pro se, filed a complaint on January 12, 2011, alleging

that Defendants conspired to deprive him of his constitutional rights. Plaintiff brings this action

pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 for violations of the Due Process Clause, Equal

Protection Clause, and First Amendment. In accordance with 28 U.S.C. § 636(b) and Local Rule

73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for

pretrial handling.

This matter is before the court on motion for default judgment filed by Plaintiff on March

29, 2011. Defendants filed a response in opposition to Plaintiff's motion on March 31, 2011.

Plaintiff filed a second motion for default judgment and motion for summary judgment on April 5,

2011. On May 26, 2011, Defendants filed a motion to dismiss for failure to state a claim and to

dismiss for lack of service of process, insufficiency of process, and lack of personal jurisdiction. By

order filed May 27, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff

was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. On July 7, 2011, Plaintiff filed a response in opposition to Defendants' motion.

On February 13, 2012, the Magistrate Judge issued a Report and Recommendation in which he determined that (1) Plaintiff had failed to effect timely and valid service on Defendants in accordance with Fed. R. Civ. P. 4; (2) Plaintiff had failed to state a cognizable claim for conspiracy; and (3) Plaintiff had provided no admissible evidence to support his motion for summary judgment. Accordingly, the Magistrate Judge recommended that Plaintiff's motions for default judgment be denied, Plaintiff's motion for summary judgment be denied; and Defendants' motion to dismiss be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's motions for default judgment (ECF Nos. 10, 12) are **denied**. Plaintiff's motion for summary judgment (ECF No. 12) is **denied**.

Defendants' motion to dismiss is **granted**, without prejudice.

       **IT IS SO ORDERED**.


                                    /s/ Margaret B. Seymour
                                    Chief United States District Judge

Columbia, South Carolina

March 5, 2012.


**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**